UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE SPOONEMORE,<br><br>          Petitioner,<br><br>   v.<br><br>JUDGE REED, et al.,<br><br>          Respondents. | No. 2:14-cv-1631-MCE-EFB P<br><br>ORDER |

     Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Therefore, the request is granted. To proceed further, however, petitioner must file an amended petition.

     Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court requires that all petitions for writs of habeas corpus be filed on the proper form, which is provided by this court. L.R. 190(b); *see also* Rule 2(c)-(d), Fed. R. Governing § 2254 Cases.

     Here, petitioner has used the proper form but he has not properly completed it by responding to the questions raised therein. As drafted, the court cannot determine the nature of

petitioner's intended grounds for relief or discharge its duty under Rule 4.  *See* L.R. 190(e); Rule 2(c), Fed. R. Governing § 2254 Cases.  Thus, petitioner must re-file his petition on the proper form and clearly identify his intended claims for relief.

In addition, the court notes that petitioner has named Judge Reed and the Yolo County Courts as respondents.  A petitioner seeking a writ of habeas corpus must name as respondent the person having custody over him.  28 U.S.C. § 2242; Rule 2(a), Fed. R. Governing § 2254 Cases.  This person ordinarily is the warden of the facility where petitioner is confined.  *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  Because petitioner has not named the proper respondent, petitioner will be provided leave to amend to correct this technical defect.  *See Stanley*, 21 F.3d at 360.

Petitioner has also filed two motions for transcripts directed to the "Division of Adult Parole Community Corrections" and the "Rapid City South Dakota Superior Court."  ECF Nos. 4, 5.  As drafted, the court cannot identify the particular transcripts sought by petitioner and is unable to order their production to petitioner as requested.

Accordingly, it is ORDERED that:

1.  The petition (ECF No. 1) is dismissed with leave to file an amended petition within 30 days of the date of this order.  Any amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form.  It must bear the case number assigned to this action and must bear the title "Amended Petition."  Petitioner is cautioned that failure to file an amended petition pursuant to this order may result in the dismissal of this action.

2.  The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

3.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

4.  Petitioner's requests for transcripts (ECF Nos. 4, 5) are denied.

DATED: March 9, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2